November 20, 2012



# JUDGMENT

## 𝕿𝖍𝖊 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

COURTLAND BUILDING COMPANY, INC., Appellant

NO. 14-12-00249-CV                    V.

JALAL FAMILY PARTNERSHIP, LTD, SOHAIL JALAL, INDIVIDUALLY AND YASMEEN JALAL, INDIVIDUALLY, Appellees

_____

This cause, an appeal from an order signed March 5, 2012 denying appellant Courtland Building Company, Inc.'s motion to compel arbitration, was heard on the transcript of the record. We have inspected the record and find error in the judgment. We therefore order the judgment of the court below **REVERSED** as it pertains to the following claims:

1.      The claims asserted by appellees Jalal Family Partnership, Ltd., Sohail Jalal, and Yasmeen Jalal;

2.      Courtland Building Company, Inc.'s claims for (a) breach of contract, (b) lien foreclosure, (c) declaratory judgment on the validity of its mechanic's and materialman's liens, (d) breach of fiduciary duty under section 162.001 of Texas Property Code, (e) violations of section 28.002 of the Texas Property Code, (f) quantum meruit, and (g) fraudulent inducement of the construction contract that is the subject of this suit.

In addition, we order the portion of the trial court's order denying the motion to abate proceedings pending arbitration **REVERSED** as it pertains to the claims described above.

We **REMAND** the cause to the trial court for with instructions to (a) grant Courtland Building Company, Inc.'s motion to compel arbitration of the claims as described herein, (b) stay further litigation of those claims pending arbitration, and (c) determine whether it is appropriate to stay Courtland Building Company, Inc.'s fraudulent-transfer claims and its requests for declaratory judgment in connection with instruments recorded at numbers 2009007610 and 2012002647 of the Fort Bend County Real Property Records pending arbitration.

We further order that all costs incurred by reason of this appeal be paid by appellees, Jalal Family Partnership, Ltd., Sohail Jalal, Individually, and Yasmeen Jalal, Individually.

We further order this decision certified below for observance.